UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.P.,<br><br>    Petitioner,<br><br>    v.<br><br>CHRISTOPHER CHESTNUT, Warden, et al.,<br><br>    Respondents. | No.  1:25-cv-01538-JLT-SKO (HC)<br><br>**ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE GRANTED**<br><br>[THIRTY DAY DEADLINE] |

    Petitioner is an immigration detainee proceeding with counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has filed a petition for writ of habeas corpus challenging his detention by the United States Department of Homeland Security ("DHS").

    Petitioner entered the United States in November 2021 and sought asylum. He was released on his own recognizance a few days later. Since then, Petitioner has complied with check-in and conduct requirements imposed by the Immigration and Customs Enforcement ("ICE"). On June 23, 2025, during a check-in appointment, Petitioner was detained and placed in removal proceedings.  He has remained in detention since then.

    Petitioner claims his constitutional rights were violated when ICE re-detained him without first providing him with a pre-deprivation hearing before a neutral adjudicator where the Government first proved changed circumstances necessitated a custody redetermination. He seeks

1

immediate release from custody.

Because Petitioner may be entitled to relief if the claimed violations are proved, Respondent IS ORDERED TO SHOW CAUSE why the Petition should not be granted. Rule 4, Rules Governing Section 2254 Cases; see Rule 1(b), Rule 11, Rules Governing Section 2254 Cases; Fed. R. Civ. P. 81(a)(2). Respondent SHALL INCLUDE a copy of Petitioner's Alien File and any and all other documentation relevant to the determination of the issues raised in the petition. Rule 5 of the Rules Governing Section 2254 Cases. In the event the Petitioner is released from ICE custody during the pendency of this Petition, the parties SHALL notify the Court by filing a Motion to Dismiss the Petition or other proper pleading.

Accordingly, it is HEREBY ORDERED:

1. Respondent is ORDERED TO SHOW CAUSE why the Petition should not be granted. The Response to the Order to Show Cause is due within THIRTY (30) days of the date of service of this order.

2. Petitioner may file a Traverse to the Response within THIRTY (30) days of the date the Response to the Order to Show Cause is filed with the Court.

The Court has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 230(h). As such, the matter will be taken under submission following the filing of Petitioner's Traverse or the expiration of the time for filing the Traverse. All other briefing in this action is suspended.

IT IS SO ORDERED.

Dated:   **November 18, 2025**          /s/ *Sheila K. Oberto*
                                      UNITED STATES MAGISTRATE JUDGE