**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| M. P.,<br><br>                    Petitioner,<br><br>        v.<br><br>CHRISTOPHER CHESTNUT, Warden,<br>California City Detention Facility;<br>SERGIO ALBARRAN, Acting Field<br>Office Director, U.S. Immigration and<br>Customs Enforcement San Francisco;<br>TODD M. LYONS, Acting Director, U.S.<br>Immigration and Customs Enforcement,<br>U.S. Department of Homeland Security;<br>and, KRISTI NOEM, Secretary, U.S.<br>Department of Homeland Security,<br><br>                    Respondents. | No.  1:25-cv-01538 JLT SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND<br>RECOMMENDATIONS<br>(Doc. 9)<br><br>ORDER GRANTING PETITION FOR WRIT<br>OF HABEAS CORPUS, DIRECTING<br>RESPONDENTS TO RELEASE<br>PETITIONER, ENJOINING RESPONDENTS<br>FROM RE-DETAINING PETITIONER, AND<br>DIRECTING CLERK OF COURT TO ENTER<br>JUDGMENT AND CLOSE CASE |

M. P. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On January 30, 2026, the assigned Magistrate Judge issued Findings and Recommendations to grant the petition.  (Doc. 9.)  The Court served the Findings and Recommendations on all parties and notified them that any objections were due within 21 days.  (Doc. 9.)  On February 19, 2026, Respondents filed objections. (Doc. 10.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this

1

case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Respondents note in their objections the recent Fifth Circuit ruling in *Buenrostro-Mendez v. Bondi*, No. 25-20496, ___ F.4th ___, 2026 WL 323330 (5th Cir. Feb. 6, 2026), which is aligned with Respondents' position on the merits. That ruling is, of course, not binding on this Court and runs contrary to the overwhelming majority of federal court decisions issued in recent months across the country. In addition, even assuming the June 2025 negative fear determination issued by DHS just prior to Petitioner's re-detention (*see* Doc. 9 at 3) constituted a changed circumstance justifying re-examination of his release status, that determination has since been vacated by an IJ (*id.*) and Respondents offer absolutely no other ground to justify Petitioner's continued detention. Accordingly, the Court agrees that immediate release is the appropriate remedy here. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on January 30, 2026, (Doc. 9), are **ADOPTED** in full.

2. The petition for writ of habeas corpus is **GRANTED**.

3. Respondents are **ORDERED TO RELEASE** Petitioner immediately.

4. Respondents are **ENJOINED** from re-detaining Petitioner unless his re-detention is ordered at a custody hearing before a neutral arbiter where the government bears the burden of proving, by clear and convincing evidence, that Petitioner presents a flight risk or danger to the community.[1]

5. The Clerk of Court is directed to enter judgment and close the case.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **February 21, 2026**

UNITED STATES DISTRICT JUDGE

---

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here, **SHALL** be provided within seven days of the arrest

2